**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart, et al., | No. CV-20-00755-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion for protective order to compel Defendants to sign a confidentiality agreement governing Plaintiffs' medical information that would otherwise be subject to HIPPA.

Generally, HIPPA only applies to covered entities. "A covered entity or business associate may not use or disclose protected health information, except as permitted or required by [these regulations]." 45 C.F.R. § 164.502(a); *United States v. Elliott*, 676 F. Supp. 2d 431, 436 (D. Md. 2009) (stating that the Privacy Rule "governs the confidentiality of medical records and regulates how and under what circumstances 'covered entities' may use or disclose 'protected health information' about an individual"). Covered entities include health plans, health plan clearinghouses, and health care providers. 45 C.F.R. §§ 160.102(a), 164.104(a); *see also Murphy v. Dulay*, 768 F.3d 1360, 1368–69 (11th Cir. 2014). The Privacy Rule also applies to business associates. § 164.502(a)(3). A business associate is a person or organization that "creates, receives, maintains, or transmits protected health information" for "a covered entity" unless done so "in the capacity of a

1 member of the workforce of such covered entity." *Id.* § 160.103.

2 The Court does not meet either of these definitions. *See id.* Thus, it is not
3 immediately clear why Plaintiffs believe the Court or opposing counsel are subject to
4 HIPPA. As a result, the Court is inclined to deny the request for a protective order. *See*
5 *generally*, *Culver v. NXP USA Inc. Long Term Disability Ins. Plan*, No. CV-18-02205-
6 PHX-DWL, 2019 WL 1452992, at *2 (D. Ariz. Apr. 2, 2019) ("…although the documents
7 are largely composed of Plaintiff's medical records, in which Plaintiff has a privacy
8 interest, Plaintiff has placed his medical condition at issue by filing this ERISA
9 action. *Krieger,* 2012 WL 1623158 at *1 ('Plaintiff put his medical condition at issue when
10 he filed for benefits. The mere assertion that Plaintiff considers medical and personal
11 information sensitive does not amount to a compelling reason to seal.')."

12 Defendants have moved to strike Plaintiffs' motion for protective order because it
13 does not comply with this Court's Rule 16 scheduling order. Defendants are correct.
14 Nonetheless, because the Court is holding a limited calendar due to COVID-19, the Court
15 will entertain Plaintiffs' motion. Defendants will be given an opportunity to respond as set
16 forth below.

17 Defendants also seek leave to file a motion to compel. Defendants may include in
18 their response to the motion for protective order any particular discovery sought that may
19 be delayed by Plaintiffs' decision to wait for the Court to rule on the request for a protective
20 order; but Defendants may not file a motion to compel at this juncture. After the Court
21 rules on the motion for protective order, Defendants make seek leave to file a motion to
22 compel if the outstanding discovery issues are not resolved.

23 Based on the foregoing,

24 **IT IS ORDERED** that the motion to strike (Doc. 57) is denied.

25 / / /
26 / / /
27 / / /
28 / / /

1   **IT IS FURTHER ORDERED** that Defendants shall respond to the motion for
2   protective order (Doc. 50) by November 6, 2020.  Plaintiffs may reply within the time set
3   by the local rules.

   Dated this 30th day of October, 2020.

James A. Teilborg
Senior United States District Judge