**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart, et al., | No. CV-20-00755-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Extension of Time (Doc. 43) (the "Motion") in which they request that the deadline to serve Bruce Washburn ("Washburn"), Jane Doe Washburn, Jane Doe Lane, Jane Doe Anderson, and Jane Doe Thompson be extended to November 15, 2020. (Doc. 43 at 1). Defendants filed a Response in Opposition to the Motion (Doc. 51) (the "Response"), and Plaintiffs filed a Reply (Doc. 56). For the following reasons, the Motion will be granted.

**I.    BACKGROUND**

Plaintiffs filed the initial complaint in this matter on April 17, 2020. (Doc. 1). On April 24, 2020, Plaintiffs contacted Scott Claus ("Claus") and asked if he was authorized to accept service on behalf of Washburn and certain other defendants. (*See* Doc. 43 at 2). On April 28, 2020, Claus told Plaintiffs "please deliver to me Rule 4(d)(1) Notices and Waivers for each defendant? [sic] I will then deliver the Notices and Waivers to each named defendant and seek their execution and return to you." (*Id.*). Plaintiffs emailed the complaint, summons, and waiver of service forms for Washburn and certain other

defendants to Claus. (*Id.*). As of September 9, 2020, Plaintiffs had not received a waiver of service from Washburn. (*Id.*). Plaintiffs did not attempt to serve Jane Doe Washburn, Jane Doe Lane, Jane Doe Anderson, and Jane Doe Thompson as of September 9, 2020, believing these defendants could be served after "learning their names and addresses at the Rule 16 scheduling conference." (*Id.* at 3–4).

Plaintiffs filed the First Amended Complaint (Doc. 27) on August 17, 2020. (*See* Doc. 27). In its August 31, 2020, Order, the Court noted that, in their First Amended Complaint, Plaintiffs listed certain defendants for whom the Court had not received a proof of service. (*See* Doc. 40 at 1). As the time to serve these defendants under Federal Rule of Civil Procedure ("FRCP") 4(m) had expired, the Court ordered Plaintiffs to show cause why the unserved defendants should not be dismissed for failure to timely serve. (*See id.*). Plaintiffs responded by filing an ex parte motion for extension of time to serve (Doc. 32). Partly because it was filed ex parte without cause, and partly because it was unclear as to the relief sought in the motion, the Court struck Plaintiffs' ex parte motion and ordered that Plaintiffs may refile a motion for extension of time to serve. (*See* Doc. 40 at 2–3). In response, Plaintiffs filed the Motion, (Doc. 43), to which Defendants responded, (Doc. 51), and Plaintiffs replied, (Doc. 56).[1]

## II.   LEGAL STANDARD

If a defendant is not served within the time required by FRCP 4(m), a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). FRCP 4(m), however, provides two avenues of relief from this general rule. "The first is mandatory: the district court must extend time for service upon a showing of good cause." *Hernandez v. Scottsdale Hotel Grp. LLC*, No. CV-20-00349-PHX-DWL, 2020 WL 3440295, at *1 (D. Ariz. June 23, 2020) (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)); *see* Fed. R. Civ. P. 4(m).

---

[1] Although untimely under FRCP 4(m), Plaintiffs have returned proof of service for the defendants at issue, except Jane Doe Washburn. (*See* Docs. 52–55). Of note, Plaintiffs state that they have an email indicating that Washburn denies accepting service on behalf of Jane Doe Washburn, but do not cite any portion of the record regarding this assertion, and Defendants do not raise the point in the Response. (Doc. 43 at 3; *see* Doc. 51).

- 2 -

The good cause exception "applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992). To establish good cause, a plaintiff must show: (1) excusable neglect; (2) the party to be served personally received actual notice of the lawsuit; (3) the defendant would suffer no prejudice; and (4) plaintiff would be severely prejudiced if his complaint were dismissed. *See Lemoge*, 587 F.3d at 1198 n.3.

"The second avenue for relief is 'discretionary.'" *Hernandez*, 2020 WL 3440295, at *2 (quoting *Lemoge*, 587 F.3d at 1198). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge*, 587 F.3d at 1198. Courts consider four factors when assessing whether neglect is excusable: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Further, where a motion "(1) seeks to set aside a dismissal that arises from noncompliance with Rule 4(m), (2) the movants cannot re-file their action because the statute of limitations has run, and (3) there is no or only slight prejudice to the opposing party if relief is granted, the district court should consider, and give appropriate weight to, the movants' prejudice if relief is denied." *Lemoge*, 587 F.3d at 1195.

Excusable neglect is a somewhat "elastic concept," and "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer*, 507 U.S. at 392, 394). Excusable neglect, additionally, includes "'omissions caused by carelessness.'" *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer*, 507 U.S. at 388). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395).

### III. ANALYSIS

To begin, Plaintiffs assert that they have good cause to extend the deadline under FRCP 4(m). (Doc. 43 at 4–7). Plaintiffs state that they "believe that Washburn and all of the Doe defendants have actual knowledge of the lawsuit because of their business and personal relationships," (Doc. 43 at 5), and that "Defendants indemnification of Washburn in May 2020, less than thirty days after being served with the Complaint, proves that Washburn had actual notice of this lawsuit," (Doc. 56 at 2). Conjecture based upon personal relationships and Washburn's indemnification, though, do not act as proof of actual notice. Further, Plaintiffs argue that Washburn had actual notice of the instant action because notice was given to Claus, who Plaintiffs believed was Washburn's attorney. (*See* Doc. 56 at 7). Yet, a party cannot be assumed to have notice simply because a complaint is served on their attorney. *See Straub v. AP Green, Inc.*, 38 F.3d 448, 454 (9th Cir. 1994) (finding the fact that defendant's attorney contacted the court about the status of the case insufficient to establish that defendant had actual notice). Plaintiffs also argue that "Washburn is not denying notice of the lawsuit." (Doc. 56 at 7). Nevertheless, the burden is not on a defendant to deny notice of a lawsuit, but it is Plaintiffs' burden to prove actual notice. *See Lemoge*, 587 F.3d at 1198 n.3. Plaintiffs have not carried that burden here.

Additionally, Washburn would certainly suffer at least some prejudice as he was not included on the original motion to dismiss and discovery had begun in this case by November 15, 2020. (*See* Doc. 19). Thus, the Court finds that good cause for extension has not been shown. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (concluding that good cause had not been shown because plaintiff did not show the necessary factors, including that defendant had actual notice).

Next, Plaintiffs argue that they have shown excusable neglect and that the Court should exercise its discretion to extend the service deadline. (*See* Doc. 43 at 7). After examining the necessary factors and weighing the equities, the Court agrees with Plaintiffs. The extension poses little danger of prejudice for the Doe defendants as they are nominal defendants. (*See* Doc. 43 at 7). While Washburn will be minimally prejudiced by not

having been included in the original motion to dismiss, (*see id.*), he is in little danger of any other prejudice as he has answered the complaint and is represented by the same attorneys as the other defendants, (*see* Doc. 47 at 1). Further, the length of delay was not long as the defendants at issue were served approximately sixty days after the deadline (Docs. 52–55), and this delay should have little impact on the proceedings as on November 15, the new service deadline sought by Plaintiffs, discovery was still in its early stages. *See Lemoge*, 587 F.3d at 1196 (holding that a delay of roughly a year was not unreasonable given the circumstances)

Additionally, while the delay in service was within the control of Plaintiffs, the reason for the delay appears to be either negligence or carelessness. Plaintiffs believed it proper to serve the Doe defendants after the Rule 16 scheduling conference, and that Washburn had waived service. (*See* Docs. 43 at 4, 56 at 7). While Plaintiffs could have inquired about the proper procedure for serving the Doe defendants or discovered that Washburn had not waived service by simply checking their files, such failures fall within excusable neglect. *See Briones*, 116 F.3d at 381 (noting that negligence constitutes excusable neglect); *Lemoge*, 587 F.3d at 1192 (noting that errors caused by carelessness fall within excusable neglect); *Hernandez*, 2020 WL 3440295, at *2 (finding excusable neglect when plaintiff's counsel negligently failed to notice that service was not accomplished even after being informed of the lack of service via email).

It also appears that Plaintiffs acted in good faith. Plaintiffs note that they attempted to contact Washburn regarding the instant claim, (*see* Doc. 43 at 2), and that they believed their actions regarding the Doe defendants were proper, (*See* Doc. 43 at 4). Further, once Plaintiffs were alerted to the deficiency of their service by the Court, Plaintiffs located the defendants at issue and took the necessary steps to serve them within weeks. (*See* Docs. 40 at 1, 52–55). Defendants argue that Plaintiffs "obvious ill will toward Mr. Washburn" shows bad faith, but this conclusory assertion is not enough to prove such a claim. Thus, in weighing the equities, the Court concludes that an extension of the service deadline is proper due to Plaintiffs' excusable neglect.

The Court also notes that Plaintiffs would suffer prejudice should the court not grant the Motion because Plaintiffs would not be able to refile their claims against Washburn as the statute of limitations has run. (Doc. 43 at 7); *see United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004) (holding that the expiration of a statute of limitations can be considered by a court when considering an extension of the time to serve); *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) (concluding that the running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)). This further supports the Court's conclusion that an extension of the service deadline is appropriate.

Defendants argue that *Wei v. State of Hawaii*, 763 F.2d 370 (9th Cir. 1985), and *Townsel v. Contra Costa Cty., Cal.*, 820 F.2d 319 (9th Cir. 1987), counsel against extension regarding Washburn, even in light of the prejudice Plaintiffs would suffer. (*See* Doc. 51 at 7). Those two cases, however, are distinguishable from the instant action as the plaintiffs in those cases made no attempt to serve the defendants. *See Wei*, 763 F.2d at 372; *Townsel*, 820 F.2d at 320. Here, Plaintiffs attempted to serve Washburn through Claus, but were simply negligent in following up to ensure that service had been made.

**III.   CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Extension of Time (Doc. 43) is **GRANTED.** The deadline to serve of Bruce Washburn, Jane Doe Washburn, Jane Doe Lane, Jane Doe Anderson, and Jane Doe Thompson is retroactively extended to November 15, 2020.

Dated this 7th day of December, 2020.

James A. Teilborg
Senior United States District Judge