**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart, et al., | No. CV-20-00755-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Plaintiffs seek a protective order for, as far as the Court can tell, all of their medical records. (Doc. 50). The six-page order they propose is at Doc. 50-2.

Defendants oppose any protective order for three primary reasons. First, Plaintiffs' legal basis for seeking the protective order is HIPPA, but that does not apply to either the Court or Defendants. (Doc. 60 at 1-2). Second, Plaintiffs have put their mental and physical condition at issue in the case, thereby making the records relevant. (*Id*. at 2-3). And, third, Plaintiffs' medical records have already been filed in the public record in several Maricopa County Superior Court cases; thus, even if there was previously any need for protection, at this point the records are already public. (*Id*. at 3-8 (detailing all the medical information of Plaintiffs in other public records)).

Plaintiffs reply and argue that HIPPA entitles them to protect their medical information. (Doc. 61 at 2). Plaintiff cite nothing for this conclusion. Moreover, the Court has already rejected this legal argument. (Doc. 58 at 1-2). Specifically, the Court stated:

> Generally, HIPPA only applies to covered entities. "A covered entity or business associate may not use or disclose protected health information,

except as permitted or required by [these regulations]." 45 C.F.R. § 164.502(a); *United States v. Elliott*, 676 F. Supp. 2d 431, 436 (D. Md. 2009) (stating that the Privacy Rule "governs the confidentiality of medical records and regulates how and under what circumstances 'covered entities' may use or disclose 'protected health information' about an individual"). Covered entities include health plans, health plan clearinghouses, and health care providers. 45 C.F.R. §§ 160.102(a), 164.104(a); *see also Murphy v. Dulay*, 768 F.3d 1360, 1368–69 (11th Cir. 2014). The Privacy Rule also applies to business associates. § 164.502(a)(3). A business associate is a person or organization that "creates, receives, maintains, or transmits protected health information" for "a covered entity" unless done so "in the capacity of a member of the workforce of such covered entity." *Id.* § 160.103.

The Court does not meet either of these definitions. *See id.* Thus, it is not immediately clear why Plaintiffs believe the Court or opposing counsel are subject to HIPPA. As a result, the Court is inclined to deny the request for a protective order. *See generally, Culver v. NXP USA Inc. Long Term Disability Ins. Plan*, No. CV-18-02205-PHX-DWL, 2019 WL 1452992, at *2 (D. Ariz. Apr. 2, 2019) ("…although the documents are largely composed of Plaintiff's medical records, in which Plaintiff has a privacy interest, Plaintiff has placed his medical condition at issue by filing this ERISA action.[)] *Krieger,* 2012 WL 1623158 at *1 ('Plaintiff put his medical condition at issue when he filed for benefits. The mere assertion that Plaintiff considers medical and personal information sensitive does not amount to a compelling reason to seal.')."

(Doc. 58 at 1-2).

The Court gave Plaintiffs the opportunity to respond to this law, yet in their reply, they failed to do so. Accordingly, Plaintiffs' have failed to establish a legal basis for a protective order.

Next, Plaintiffs claim they are entitled to a state statutory privilege. (Doc. 61 at 2). However, state statutory privileges do not apply in Federal Court on Federal claims. *See Agster v. Maricopa Cty.*, 422 F.3d 836, 839 (9th Cir. 2005). Thus, this legal basis is also rejected.

Next, Plaintiffs argue (without citation) that the fact that they have elected to share what they classify as "limited" medical information in other public forums is not relevant to this case. (Doc. 61 at 5). Plaintiffs are mistaken. By voluntarily putting their medical information in the public record in other cases, to the extent there was any applicable privilege, Plaintiffs waived it. *See generally Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) ("An express waiver occurs when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public."). Further, the fact that this information is

already public overcomes Plaintiffs' argument that there is "good cause" to protect it in this case.

Finally, Plaintiffs claim that redacting their medical records is "unduly burdensome." (Doc. 61 at 6). This is also not a legal basis to constrain discovery.

> Regarding the contention that redacting personally identifying information from a large quantity of documents would be burdensome and time-consuming, the unfortunate reality of litigation is that at times it entails tedious and time-consuming work. *Cf. Brown Bear v. Cuna Mut. Grp.*, 266 F.R.D. 310, 321 (D.S.D. 2009) ("[T]he court is not aware of any binding authority that concludes that a review of numerous files in order to redact insureds' personal information and segregate privileged information necessarily makes producing such documents an undue burden."). The annoyance and expense of taking time to redact personal information from documents ordinarily cannot outweigh the public's interest in access.

*Culver v. NXP USA Inc. Long Term Disability Ins. Plan*, No. CV-18-02205-PHX-DWL, 2019 WL 1452992, at *1 (D. Ariz. Apr. 2, 2019). Thus, Plaintiffs and Defendants must comply with Federal Rule of Civil Procedure 5.2 before information is filed with the Court; but the Court will not issue a protective order on this basis.

Accordingly, for all three reasons cited by Defendants, the Court finds no protective order is appropriate in this case. Therefore,

**IT IS ORDERED** that Plaintiffs' motion for protective order (Doc. 50) is denied.

Dated this 18th day of December, 2020.

James A. Teilborg
Senior United States District Judge