**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart, et al., | No. CV-20-00755-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' request for an extension of time to respond to Defendants' pending motion for summary judgment based on qualified immunity. On December 23, 2020, the Court issued the following Order regarding Plaintiffs' request for expedited consideration of their 56(d) request:

> This case is subject to the MIDP (Doc. 5); thus, discovery commenced when the answer was filed on August 31, 2020. On November 25, 2020, Defendants filed a motion for summary judgment based on qualified immunity, the Arizona notice of claim statute, and this Court's prior dismissal order. (Doc. 64). On December 7, 2020, Plaintiffs filed a motion for extension of time to respond to the motion for summary judgment. This motion made no mention of Federal Rule of Civil Procedure 56(d). The Court granted the motion for extension of time. Plaintiffs' response is due January 11, 2021.
> Despite having already moved for an extension of time once, on December 22, 2021, Plaintiffs filed a motion for extension of time to respond to Defendants' motion for summary judgment claiming they require 56(d) relief (albeit not with respect to the portion of the summary judgment motion directed to Arizona's notice of claim statute). Plaintiffs seek "expedited consideration" of their 56(d) motion because their response to the summary judgment motion is due January 11, 2021. Notably, Plaintiffs have not propounded any of the discovery they claim to need to respond to the motion for summary judgment in the month that has elapsed since Defendants filed the motion. (Doc. 74). Giving the Defendants the benefit of the full briefing time on the 56(d) motion, their response is due January 5, 2021.

> Because Plaintiffs could have filed their 56(d) motion at any time after November 25, 2020, and instead waited almost one month to file the motion, their current tight deadline is of their own making. The Court will endeavor to rule on the motion for 56(d) relief before January 11, 2021, but cannot make any guarantees. Accordingly, Plaintiffs must be prepared to file their response to the motion for summary judgment by January 11, 2021.
> Based on the foregoing,
> **IT IS ORDERED** that Defendants shall respond to Plaintiffs' 56(d) motion by January 5, 2021 (Doc. 74). In this response, Defendants shall address how, if at all, the 68 items of discovery sought by Plaintiffs (Doc. at 74-1 at 5-13) relate to the qualified immunity motion.
> **IT IS FURTHER ORDERED** that Plaintiffs' request for expedited consideration is granted to the limited extent that Plaintiffs' reply in support of their 56(d) motion is due by January 6, 2021. There will be NO extensions of this deadline.

(Doc. 76).

The motion for Rule 56(d) relief is now fully briefed. Plaintiffs' request for oral argument before January 11, 2021 (3 business days after the reply was filed) is denied.

**Factual Background**

On September 28, 2020, the parties filed their proposed case management plan. (Doc. 39). On page 22, *Plaintiffs* requested that the Court give Defendants a deadline of November 30, 2020 to file qualified immunity motions. (*Id.*). Defendants did not object to this proposed deadline. (*Id.*). On October 7, 2020, this Court held a Rule 16 scheduling conference. At that conference, the Court set November 27, 2020 as the deadline for Defendants to file any qualified immunity motions.

Defendants filed the currently pending motion for summary judgment on qualified immunity on November 25, 2020. On December 7, 2020, Plaintiffs requested an extension of time to January 11, 2021 to respond to Defendants motion for summary judgment. (Doc. 68). The Court granted this request. (Doc. 69).

On December 22, 2020, Plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 56(d) seeking an additional 90 days to respond to Defendants' motion for summary judgment. (Doc. 74). Plaintiffs concede that in the month that elapsed between when Defendants' motion for summary judgment was filed and when Plaintiffs filed their 56(d) motion, Plaintiffs did not propound or attempt to take any of the discovery they claim they need to respond to the summary judgment motion. (*Id.*). Further, Defendants note

that at least since the October 7, 2020 Rule 16 conference, Plaintiffs have known that Defendants intended to move for summary judgment based on qualified immunity and that the Court ordered any such motion to be filed by November 27, 2020. (Doc. 79). Defendants further note that in the 3 months between the Rule 16 conference and Plaintiffs' deadline to respond to the summary judgment motion, Plaintiffs could have taken the discovery they claim to need to respond to the motion. (*Id.*). Finally, the Court emphasizes that it was *Plaintiffs* who requested this deadline which they now claim cannot be met. (Doc. 39 at 22).

Preliminarily, the factual history of this case undercuts Plaintiffs' claimed need for an extension under Federal Rule of Civil Procedure 56(d). Plaintiffs convinced the Court to set a less than 60-day deadline for Defendants to file their qualified immunity motion. Now Plaintiffs argue that the very deadline Plaintiffs' requested was too unreasonably early in the case for Plaintiffs to meet it. These facts suggest Plaintiffs are engaging in gamesmanship. Had Plaintiffs genuinely believed that the deadline was too early after they began discovery, they could have moved to extend the deadline *before* Defendants' motion was due. Instead, Plaintiffs seek to hold Defendants to a very short deadline while arguing for an over-quarter-year extension for themselves.

Moreover, Plaintiffs "admit" they have taken no steps, much less diligent steps, to attempt to meet the Court's deadline; specifically, Plaintiffs "admit" they failed to engage in the discovery they now seek in the three months available to them since the Rule 16 conference.[1] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (when the Court is considering whether to extend a Rule 16 deadline, "If that party [seeking the extension] was not diligent, the inquiry should end."). Plaintiffs state, "Plaintiffs have not had sufficient time to develop affirmative evidence to support the claims alleged in the

---

[1] Three months is giving Plaintiffs the benefit of the doubt that they did not know they needed qualified immunity related discovery until the Rule 16 conference. In reality, discovery began over four months before Defendants' motion was filed; and Defendants advised Plaintiffs of their intention to move for summary judgment based on qualified immunity during the preparation of the joint proposed case management plan, which would have taken place approximately one month before the Rule 16 conference. Thus, Plaintiffs really had over four months to seek this discovery.

complaint." (Doc. 74 at 3). Plaintiffs' affidavit at paragraphs 4-7 further details all the discovery Plaintiffs have failed to take. (Doc. 74-1 at 3-4). Nonetheless the Court has put the word "admit" in quotes because Defendants' response to the Rule 56(d) motion reveals that Plaintiffs have indeed sought and received discovery on many of these topics. (Doc. 79). Accordingly, the Court is left to wonder if Plaintiffs are exaggerating their lack of discovery on these topics in the hopes of receiving an extension even if it is unwarranted, or if Plaintiffs intend to begin anew discovery into these topics which would be impermissible. Regardless of Plaintiffs' motivations, it is clear Plaintiffs failed to diligently pursue all the discovery they seek. Thus, the procedural history of this case weighs against granting Plaintiffs an extension of time under Rule 56(d) due to their lack of diligence and seeming lack of good faith.

**Rule 56(d)**

Legally, Plaintiffs' motion also fails. As a matter of policy, courts generally grant Rule 56(d) requests in response to early-filed motions for summary judgment.

> Courts usually employ a "generous approach toward granting [Rule 56(d)] motions." *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995); *see also Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). Summary judgment is appropriate "only where [further] discovery would be 'fruitless.'" *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). Indeed, a "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course" unless "the non-moving party has not diligently pursued discovery of the evidence." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992); *see also Burlington*, 323 F. 3d at 773.

*City of W. Sacramento, California v. R & L Bus. Mgmt.*, No. 218CV00900WBSEFB, 2019 WL 5457029, at *1 (E.D. Cal. Oct. 24, 2019).

Notwithstanding this policy, a Rule 56(d) movant must still make specific showings to be entitled to relief. "A party requesting a continuance pursuant to Rule 56(d) therefore 'must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion.'" *City of W. Sacramento, California*, 2019 WL 5457029, at *1 (quoting *State of Cal., on Behalf of Cal. Dep't of*

- 4 -

*Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)). "A party requesting a continuance pursuant to Rule 56(f) [now 56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (citation omitted) (affirming the district court's denial of Rule 56(d) relief because the plaintiff failed to show how the discovery sought would be used to oppose summary judgment).

As noted in the preceding section, Plaintiffs failed to diligently seek discovery to date. This fact precludes them receiving a Rule 56(d) extension as a matter of course.

Additionally, Plaintiffs have failed to show that the discovery they seek both exists and is relevant to oppose the currently pending motion for summary judgment. Consistent with this Court's December 23, 2020 Order, Defendants spent 13 single-spaced pages painstakingly describing why each of Plaintiffs' 68 topics for further fact discovery were irrelevant to the currently pending motion for summary judgment, undiscoverable due to various privileges, and/or already disclosed to Plaintiffs. (Doc. 79 at 2-14). Plaintiffs replied and in only vague terms continue to assert that the categories of discovery they seek are relevant. (Doc. 80 at 4-7).

By way of example, at Doc. 80, page 5, Plaintiffs claim, "Paragraph 8 (xxi),(xxii), (xvi), and (xxxiv) to (xxxvii) are relevant because these facts determine whether Defendants gave Plaintiffs constitutionally adequate pre-deprivation notice and an opportunity to be heard prior to seizing Plaintiffs['] property." Without yet considering Defendants' arguments, the Court notes Plaintiffs offer no explanation of why they need discovery to learn what notice *they personally received* prior to the property being seized. Plaintiffs are in the best position to know what notice they received and when. Further, looking at Plaintiffs' actual affidavit, most of these categories have nothing to do with "notice." For example, Paragraph 8 (xxvii) is "Why Anderson and Washburn believed that Mark Stuart had sole and separate property." (Doc. 74-1 at 7). This topic is clearly seeking discovery on two Defendants' subjective beliefs, not notice. Plaintiffs make no showing

that either Defendant actually formed subjective beliefs regarding Mark Stuart's sole and separate property such that this evidence actually exists. Plaintiffs make no showing that the subjective belief of the Defendants is relevant to the qualified immunity inquiry. And, Plaintiffs make no showing why any subjective decision making would not be subject to privilege such that any discovery requests seeking this information would be fruitless.

Turning to Defendants' arguments, Plaintiffs fail to address Defendants' response in their reply. Defendants' response to this discovery topic is:

> Irrelevant. This information may also be protected by the attorney client privilege and/or work product doctrine. Additionally, [the] qualified immunity analysis is an objective one, the subjective intent of the government actor is irrelevant. *Crawford-El v. Britton*, 523 U.S. 574, 588, 118 S. Ct. 1584, 1592 (1998); *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S. Ct. 3034, 97 L.Ed.2d 523 (1987). Further, this information is not properly sought under Rule 56(d) as the Defendants have already provided this discovery in their responses to Plaintiffs' interrogatories, attached hereto for the Court's reference. *See* Exhibit 1.

(Doc. 79 at 6). Exhibit 1, in partial relevant part, states:

> Interrogatory: Defendant Bruce Washburn. Describe all facts known to you as of April 23, 2019 about Mark Stuart's sole and separate property. Response: Defendants object to this interrogatory to the extent it calls for the response to reveal information protected by the attorney-client or work-product doctrines. Without waiving the objections, Defendant Washburn responds that he had minimal factual information regarding any of Mark Stuart's property interests other than he was aware that Mark Stuart held himself out as a 'financial genius' and that at one point, Mr. Stuart had appeared at a City Council meeting presenting what appeared to be a copy of a check from the Internal Revenue Service in the amount of $75,000, the precise legal character of which is undetermined.

(Doc. 79-1 at 22) (emphasis omitted). Defendant Anderson's full response is at Doc. 79-1 page 7.

All of Defendants' objections to Plaintiffs receiving Rule 56(d) discovery on this topic are well taken. Defendants are correct that the courts have held that qualified immunity is not based on subjective beliefs. Defendants are correct that further inquiry into this topic may be non-discoverable due to privilege, making any Rule 56(d) extension pointless. And, Defendants are correct that it appears Plaintiffs already have all the discovery available on this topic. For all of these reasons, and the additional reasons identified by the Court, Plaintiffs are not entitled to Rule 56(d) relief on this topic.

As indicated above, Plaintiffs have identified 67 additional topics on which they seek discovery prior to responding to the qualified immunity motion. With respect to these remaining topics, the Court has read the motion, response and reply and finds that Plaintiffs have failed to show that each topic on which they seek discovery could be used to oppose the pending summary judgment motion. The Court further finds that they fail to qualify for Rule 56(d) relief for all the reasons stated in Defendants' response. (Doc. 79). Thus, Plaintiffs have failed to meet their burden of establishing they are entitled to a Rule 56(d) extension of time.

**Qualified Immunity**

Finally, while Rule 56(d) generally favors extensions of time, qualified immunity requires the Court to decide a motion as early as possible in the litigation. In this case, Plaintiffs' motion undercuts the purposes of qualified immunity.

> By design, the issue of qualified immunity is usually resolved "long before trial." *See Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (per curiam). The Supreme Court has repeatedly stressed the importance of deciding qualified immunity "at the earliest possible stage in litigation" in order to preserve the doctrine's status as a true "immunity from suit rather than a mere defense to liability." *See id.* at 227 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Early determination is often possible "because qualified immunity most often turns on legal determinations, not disputed facts." *Sloman v. Tadlock*, 21 F.3d 1462, 1468 (9th Cir. 1994). In addition, courts are now empowered to address the two prongs in whichever order would expedite resolution of the case. *See Pearson*, 555 U.S. at 236–39 (noting that it is frequently "quick[er] and easi[e]r" to determine whether a constitutional right was clearly established than whether it was violated), *overruling Saucier v. Katz*, 533 U.S. 194 (2001).

*Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017).

Here, Plaintiffs argue that they must engage in 68 separate topics of fact discovery before the Court can determine whether Defendants are entitled to summary judgment on a legal issue. As already discussed above, these factual topics are irrelevant to the qualified immunity analysis. Moreover, such voluminous discovery should be avoided, if possible, to preserve Defendants' entitlement to a ruling on qualified immunity "at the earliest possible stage in ligation." (*Id.*). *Anderson v. Creighton,* 483 U.S. 635, 646 n. 6 (1987) ("[o]ne of the purposes of the ... qualified immunity standard is to protect public officials from broad-ranging discovery that can be peculiarly disruptive of effective government."

(internal quotations and citation omitted)). Certainly there will be circumstances where discovery would be required before a qualified immunity motion could be decided. However, given the competing timing policies of Rule 56(d) and qualified immunity, in the qualified immunity context the Court will strictly adhere to Rule 56(d)'s requirements that the affidavit show that the facts sought to be discovered will bear on the motion. Here, Plaintiffs have failed to make such showing.

**Conclusion**

All of the foregoing, taken together, shows Plaintiffs have failed to meet the legal requirements for relief under Rule 56(d). Therefore,

**IT IS ORDERED** that Plaintiffs' motion for an additional 90-day extension of time pursuant to Federal Rule of Civil Procedure 56(d) to respond to Defendants' motion for summary judgment (Doc. 74) is denied. Plaintiffs' response to Defendants' motion remains due January 11, 2021.

Dated this 8th day of January, 2021.

James A. Teilborg
Senior United States District Judge