1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9   Mark E Stuart, et al.,                 No. CV-20-00755-PHX-JAT

10              Plaintiffs,                  **ORDER**

11  v.

12  City of Scottsdale, et al.,

13              Defendants.

14

15          Before the Court are Plaintiffs' Motion for Leave to Amend the Complaint (Doc.

16  70), to which Defendants have responded (Doc. 75) and Plaintiffs have replied (Doc. 77),

17  and Defendants' Motion for Summary Judgment (Doc. 64), to which Plaintiffs have

18  responded (Doc. 86) and Defendants have replied (Doc. 89). The motions have been fully

19  briefed and the Court concludes that oral argument will not aid in its decision.[1] The Court

20  now rules.

21  **I.      BACKGROUND**

22          Plaintiff Mark Stuart ("Stuart") filed a lawsuit against the City of Scottsdale ("the

23  City") in Maricopa County Superior Court. (Doc. 64 at 2). The City prevailed in the suit,

24  and the superior court issued a judgment against Mr. Stuart in the amount of $30,115 plus

25  interest. (*Id.* at 2–3; Doc. 27 at 4).

26          Stuart did not pay this judgment, so the City initiated a garnishment proceeding

27  against him by filing an application for writs of garnishment. (Doc. 64 at 3). Before the

28  _____
[1] Plaintiffs' request for oral argument is therefore denied. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

writs of garnishment issued, Stuart informed Defendants that the marital community of Mark and Virginia Stuart had not been a party to the underlying litigation, so Defendants had no right to satisfy the superior court judgment using marital community assets (Doc. 86 at 3). Despite this information, Defendants obtained writs of garnishment resulting in, inter alia, a freeze of the Stuarts' Bank of America checking account and reducing the funds "to $250 from about $10,000" in one afternoon. (Doc. 27 at 5). As a result, Mark Stuart claims he had to declare bankruptcy and that Plaintiffs suffered a host of injuries, physical and otherwise. (*Id.* at 7–8).

Plaintiffs filed a complaint in this Court and later amended it to allege ten "counts" for relief against the City and numerous individuals. (Doc. 27). Those counts allege violations based upon:

> (1) § 1983 Fourteenth Amendment (Equal Protection, Substantive and Procedural); (2) § 1983 Conspiracy; (3) § 1983 Policies, Customs, Practices, Ratification, and Failure to Train; (4) Arizona Constitution Free Speech; (5) Arizona Wrongful Garnishment; (6) Arizona Abuse of Process; (7) Arizona Intentional Infliction of Emotional Distress; (8) Arizona Loss of Consortium; (9) Arizona Defamation Per Se; (10) Arizona False Light Invasion of Privacy.

(Doc. 64 at 6 n.4). Defendants submitted answers to the amended complaint. (Docs. 29, 47).

On November 25, 2020, Defendants filed the instant Motion for Summary Judgment (Doc. 64) requesting that the Court grant qualified immunity to the individual Defendants for all federal claims, dismiss state law claims against Defendant Washburn "for Plaintiffs' failure to comply with A.R.S. 12-821.01," and dismiss with prejudice Plaintiffs' claims under Article 2, Section 6 of the Arizona State Constitution. (Doc. 64 at 1–2). Plaintiffs responded (Doc. 86) and Defendants replied (Doc. 89).

On December 10, 2020, Plaintiffs filed the instant Motion for Leave to Amend the Complaint (Doc. 70) pursuant to Federal Rule of Civil Procedure 15. (Doc. 70 at 1). Defendants responded (Doc. 75) and Plaintiffs replied (Doc. 77).

1   **II.     MOTION FOR LEAVE TO AMEND THE COMPLAINT**

2           Plaintiffs seek leave to amend the complaint under Federal Rule of Civil Procedure

3   15. (Doc. 70 at 1). "Generally, Rule 15 advises the court that 'leave shall be freely given

4   when justice so requires.' This policy is 'to be applied with extreme liberality.'" *Eminence*

5   *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting

6   *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Under Rule

7   15, factors to consider in this determination include "undue delay, bad faith or dilatory

8   motive on the part of the movant, repeated failure to cure deficiencies by amendments

9   previously allowed, undue prejudice to the opposing party by virtue of allowance of the

10  amendment, [and] futility of amendment." *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S.

11  178, 182 (1962)); *see also Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041–42

12  (9th Cir. 2015). Of these factors, prejudice to the opponent carries the most weight.

13  *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the

14  remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave

15  to amend." *Id.* The party opposing amendment bears the heavy burden of overcoming this

16  presumption. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

17          Here, Defendants have made no showing of prejudice. (*See* Doc. 75). Defendants

18  simply state that "Plaintiffs' Amended Complaint lacks merit and futilely adds allegations

19  which are unsupported by the facts and the law." (*Id.* at 1). While such a statement clearly

20  asserts futility of amendment, Defendants provide no analysis or factual basis to support

21  such a claim. (*See id.*). In fact, Defendants seem to presume that Plaintiffs' will be granted

22  leave to amend when stating "Defendants will address the amended complaint through

23  future dispositive proceedings on summary judgment." (*Id.*).

24          The Court finds that Defendants have not overcome the presumption under Rule

25  15(a) and have failed to establish either prejudice or a strong showing of any other factor.

26  The Court further notes that prejudice to Defendants will be limited because the facts

27  surrounding Plaintiffs' claims are the same as in the first amended complaint and discovery

28  is still ongoing. *Bentley v. Arizona Dep't of Child Safety*, No. CV-17-00966-PHX-DJH,

2018 WL 8262769, at *2 (D. Ariz. Nov. 7, 2018) (granting leave to amend complaint prior to close of discovery because, *inter alia*, defendants had not established prejudice or any other factor under 15(a)). Thus, the Court will grant Plaintiffs' Motion for Leave to Amend the Complaint.

## III.    MOTION FOR SUMMARY JUDGMENT

Based on the Court's decision to grant Plaintiffs' Motion for Leave to Amend the Complaint, and because Defendant's current Motion for Summary Judgment addresses the prior version of the complaint, Defendants' Motion for Summary Judgment will be denied without prejudice as moot. As the Motion for Summary Judgment at issue deals with qualified immunity, the Court shall extend the deadline for Defendants to file any motion regarding qualified immunity.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Amend the Complaint (Doc. 70) is **GRANTED**, and that Plaintiffs will file the Second Amended Complaint by **Wednesday, March 24, 2021**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 64) is **DENIED** without prejudice as moot.

**IT IS FURTHER ORDERED** that the deadline for Defendants to file any motion regarding qualified immunity is extended to **Friday, April 16, 2021**.

**IT IS FURTHER ORDERED** that, if Plaintiffs fail to timely file their proposed amended complaint, Defendants may renew the instant Motion for Summary Judgment (Doc. 64).

Dated this 19th day of March, 2021.

James A. Teilborg
Senior United States District Judge