WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart and Virginia G Stuart,<br><br>        Plaintiffs,<br><br>v.<br><br>City of Scottsdale, et al.,<br><br>        Defendants. | No. CV-20-00755-PHX-JAT<br><br>**ORDER** |

Pending before the Court are *pro se* Plaintiffs' Motion to Amend the Scheduling Order and Extend the Discovery Deadline (Doc. 112) as well as Plaintiffs' Motion to Compel Disclosure (Doc. 114). Defendants filed their Responses (Doc. 117 and Doc. 118), and Plaintiffs filed their Replies (Doc. 120 and Doc 121). For the following reasons, the Motions are DENIED.

**I.    BACKGROUND**

On August 4, 2021, Plaintiffs Mark and Virginia Stuart sent an email to chambers, copying opposing counsel, requesting permission to file a motion to compel. (Doc. 109). With discovery scheduled to close on August 20, 2021, the Court ordered the plaintiffs to file their motion to compel by August 5, 2021. (*Id.* at 2).

On August 5, 2021, Plaintiffs filed a Motion to Amend the Scheduling Order and Extend the Discovery Deadline. (Doc. 112). Plaintiffs also submitted a Motion to Compel Disclosure, seeking the production of documents which they claim Defendants should have produced in discovery. (Doc. 114). Additionally, Plaintiffs seek the production of a

privilege log and sanctions against the Defendants. (*Id.*).

## II. DISCUSSION

### A. Discovery Requests

Plaintiffs seek to compel Defendants to produce documents that they contend should have been produced pursuant to the MIDP General Order 17-08. (Doc. 114). They also assert that the redacted information in produced emails is relevant to proving their case. (*Id.* at 4). Defendants argue that Plaintiffs are negligent in bringing the motion—that Plaintiffs were given the documents four months ago and should not have waited until the conclusion of discovery to bring the motion. (Doc. 117). Additionally, Defendants maintain that they fulfilled their obligations under General Order 17-08 and have appropriately objected to Plaintiffs' Requests for Production. (*Id.* at 3).

Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the non-moving party "fails to produce documents . . . as requested under Rule 34." The Federal Rules of Civil Procedure and the Local Rules of this district do not specify a time limit for filing a motion to compel, so the Court must determine a reasonable time for a party to bring a motion to compel.

In its Rule 16 Order on October 7, 2020, the Court made clear that all discovery, including "discovery necessitated by the Court's ruling on any discovery disputes" must be completed before the discovery deadline on August 20, 2021. (Doc. 49 at 2 n.2). This Court further stressed that "last minute" or "eleventh hour" discovery which "results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor." (*Id.*). Finally, in allowing Plaintiffs to file the instant motion, this Court said that "Plaintiffs must initially make a showing of why extraordinary circumstances prevented addressing this issue in a timely manner." (Doc. 109 at 2).

Here, Plaintiffs filed their Motion to Compel just two weeks before discovery ended on August 20, 2021 and a little over a month before the September 24, 2021

dispositive motion deadline. (Doc. 49). While this request came before the close of discovery, this last-minute request jeopardizes the orderly resolution of this case.

Plaintiffs contend that "extraordinary circumstances" prevented them from complying with the discovery deadline. (Doc. 121 at 2). Specifically, Plaintiffs cite work commitments and health issues. (Doc. 112 at 2). They cite to *Noyes v. Kelly Servs.*, in which the Ninth Circuit held that "Rule 16(b) provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." 488 F.3d 1163 (9th Cir. 2007).

However, the record indicates that the last-minute request by Plaintiffs was due to their lack of diligence. Defendants provided Plaintiffs the production of the documents on April 2, 2021. (Doc. 114 at 2). Defendants' emails notified the Plaintiffs that the link would be available until April 30, 2021, and Plaintiffs needed to download the documents before then. (Doc. 117-1 at 13). By all accounts, Plaintiffs did not attempt to access the documents until late July 2021 when they discovered they could no longer access them. (*Id.* at 20).

Moreover, Plaintiffs' "extraordinary circumstances" did not prevent them from participating in this and in other litigation. On May 14, 2021, Plaintiffs filed a notice of service of discovery. (Doc. 99). Plaintiffs also responded to a motion for summary judgment on May 19, 2021. (Doc. 103). And they also submitted their own motion for partial summary judgment on August 1, 2021. (Doc. 108). Finally, Plaintiffs were active in other litigation from April through July. (Doc. 112 at 2–3).

While the Court is sympathetic to Plaintiffs' limitations, the record shows that they could have timely requested the production of discovery. *See McClellon v. Wells Fargo Advisors Fin. Network, LLC*, No. C18-0852-JCC, 2019 U.S. Dist. LEXIS 32498, at *4 (W.D. Wash. Feb. 28, 2019) (finding that Plaintiff, who suffered from a chronic illness, did not demonstrate extraordinary circumstances to excuse an untimely response because Plaintiff had timely responded to other requests and communications). Moreover, Defendants have complied with General Order 17-08 by providing the requested

information and "including an objection that providing the required information would involve disproportionate expense or burden." Gen. Order 17-08 (4). Though Plaintiffs object to what Defendants disclosed, they should have been diligent in conducting discovery so their objections could have been timely resolved. Because Plaintiffs waited until the "eleventh hour," their Motion to Compel documents is DENIED.

### B. Privilege Log

Plaintiffs also assert that Defendants did not produce a privilege log for the hundreds of pages of redacted emails that were produced. (Doc. 114 at 1). They cite to General Order 17-08, which requires the production of a privilege log for communications that are alleged to be privileged. (*Id.* at 4) ("If a party limits the scope of its response on the basis of privilege or work product, the party must produce a privilege log as required by Rule 26(b)(5).").

Defendants again argue that this motion has come too late, and Plaintiffs should have asked for the privilege log sooner. (Doc. 117 at 3). Additionally, Defendants contend that they have satisfied the requirements of providing a privilege log as the privileged documents were produced "with redactions in accordance with the privileges set forth." (*Id.* at 4).

Rule 26 of the Federal Rules of Civil Procedure require that the party claiming privilege must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(6)(a)(i) and (ii). In *In re Grand Jury Investigation*, the Ninth Circuit held that a party met its burden to demonstrate the applicability of the protections by providing a privilege log that identified:

> a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated.

974 F.2d 1068, 1071 (9th Cir. 1992); *see Briggs v. Cty. of Maricopa*, No. CV-18-02684-

PHX-EJM, 2021 U.S. Dist. LEXIS 61386, at *18-19 (D. Ariz. Mar. 30, 2021). The list is not exhaustive and is not the only way to satisfy the privilege log requirement. *Games2U, Inc. v. Game Truck Licensing*, LLC, No. MC-13-00053-PHX-GMS, 2013 U.S. Dist. LEXIS 114907 (D. Ariz. Aug. 9, 2013).

Here, the Defendants produced the emails—including the privileged ones—to the Plaintiffs. The emails provided information on the sender and recipient, the nature of the document in the subject matter, and the date and time the emails were sent. (Doc. 115-1). Defendants redacted information they believe to be privileged and explained why they thought the information was privileged. (Doc. 115-3). By asserting the privilege and providing the actual documents themselves with the privileged material redacted, Defendants met their obligations under the Federal Rules of Civil Procedure.

Moreover, even if this Court ordered Defendants to produce a privilege log, the only additional information that would be provided is to whom the documents were shown or were intended to be shown to. Requiring Defendants to produce a privilege log would not be productive—especially given that the request came in the "eleventh hour" of discovery. Accordingly, Plaintiffs' Motion to Compel a privilege log is DENIED.

Plaintiffs included in the title of their Motion to Compel a request for sanctions. (Doc. 114). However, Plaintiffs did not argue for sanctions in the body of their motion. (Doc. 117 at 5). As the issue is unbriefed and there is no factual or legal basis for sanctions, the Plaintiffs' Motion for Sanctions is DENIED.

### C. REQUEST TO EXTEND DISCOVERY

Plaintiffs also seek relief from the scheduling order. (Doc. 112). Once the Court enters a scheduling order, the "schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4), Fed. R. Civ. P. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party is not diligent, "the inquiry should end." *Id.*;

*Rogers v. Brauer Law Offices, PLC*, No. CV-10-1693-PHX-LOA, 2011 U.S. Dist. LEXIS 93905, at *16 (D. Ariz. Aug. 22, 2011) (finding that a party's failure to be "diligent in pursuing a discovery order before the discovery deadline expire[s]" is typically fatal to the good cause inquiry).

Here, Plaintiffs were not diligent during discovery. They were provided with their requested documents in April. (Doc. 114 at 2). They were also notified that the link to the discovery would only be good for a limited time. (Doc. 117-1 at 13). By all accounts, their inability to access the documents until early August was due to their negligence. (Doc. 109). Because Plaintiffs were not diligent in discovery, the Motion to Extend discovery is DENIED.

**D. CONCLUSION**

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Compel (Doc. 114) outstanding discovery is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel (Doc. 114) the privilege log is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Sanctions (Doc. 114) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Extend (Doc. 112) discovery is DENIED.

Dated this 21st day of September, 2021.

James A. Teilborg
Senior United States District Judge