WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart and Virginia G Stuart, | No. CV-20-00755-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' "Motion to Recuse Judge Teilborg Under 28 U.S.C. §§ 144 and 455(a) From This Case Because of Bias and Prejudice." (Doc 133). Defendants have responded in opposition, (Doc. 134), and Plaintiffs have replied. (Doc. 138). The Court now rules.

**I.    BACKGROUND**

Plaintiffs Mark and Virginia Stuart filed suit against the City of Scottsdale and city officials for violations related to alleged wrongful garnishment of community property. On August 19, 2021, this Court granted summary judgment for individual defendants for their role in the garnishment. (Doc. 119).

Now, Plaintiffs move for recusal on the ground that this Court knowingly made "false statements about the evidence in the summary judgment record." (Doc. 133 at 5). Plaintiffs contend that this evidence make "fair adjudication of the legal and factual issues . . . impossible." (Doc. 133 at 1).

Defendants filed a response, opposing the motion to recuse. (Doc. 134). Defendants

argue that Plaintiffs' motion is untimely and lacking in evidence of bias or prejudice. (Doc. 134 at 2). For the following reasons, the Court will **deny** Plaintiffs' Motion to Recuse.

## II. LEGAL STANDARD AND ANALYSIS

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455. Under both, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). In all but the rarest of cases, the alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544–56 (1994).

Whether to grant or deny a motion for recusal is a matter within the Court's discretion. *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980); *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). A recusal motion is a serious matter, "strik[ing] at the integrity of the judicial process." *In re Int'l Bus. Mach. Corp.*, 618 F.2d 923, 927 (2d Cir. 1980). It is vital to the integrity of the judicial system that a judge does not recuse themself on unsupported, irrational or highly tenuous speculation, *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987), and a judge "is as much obliged" to not recuse from a case when "it is not called for," as he is obliged to recuse when recusal is required. *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988); *McCann v. Communs. Design Corp.*, 775 F. Supp. 1506, 1522–23 (D. Conn. 1991) ("A judge must be free to make rulings on the merits without the apprehension that if he makes a decision, even a disproportionate number of decisions, in favor of one litigant, he may have created the impression of bias.").

### A. Procedural Standard for Recusal

28 U.S.C. §§ 144 and 455 govern the disqualification of a federal judge. Section 144 requires a party seeking disqualification to file a "timely and sufficient affidavit" which illustrates that the judge has a personal bias or prejudice towards a party. 28 U.S.C. § 144. A legally sufficient affidavit will properly allege that the judge has "a personal bias or

prejudice," and "general or conclusory allegations will not support disqualification." *United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976); *see also Hayes v. National Football League*, 463 F. Supp. 1174, 1179 (C.D. Cal. 1979) ("Conclusory allegations . . . do not justify disqualification."). *Cf. United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (holding that an affidavit and accompanying certificate are strictly construed for form, timeliness, and sufficiency). The second, 28 U.S.C. § 455(b), "sets forth no procedural requirements." *Sibla*, 624 F.2d at 867.

At the outset, Plaintiffs' motion is untimely. Section 144's requirement of a timely filing "ensures that a party may not wait and decide whether to file based on whether he likes subsequent treatment that he receives." *SEC v. Loving Spirit Found.*, 392 F.3d 486, 492 (D.C. Cir. 2004) (internal quotation marks omitted). The filing is not timely "unless filed at the earliest moment after the movant acquires knowledge of the facts demonstrating the basis for such disqualification." *Sykes*, 7 F.3d at 1339 (citations and internal quotation marks omitted). Typically, affidavits in support of recusal are untimely under § 144 only when filed after substantial period of delay. *See id.* (finding an affidavit untimely when it was filed over two months after the judge made prejudicial remarks).

Plaintiffs waited nearly two months from the Court's Order on August 19, 2021 to file the instant motion on October 10, 2021. A court may excuse excessive delay in filing an affidavit alleging bias if a party presents good cause for the delay. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Plaintiffs, however, presented no good cause for their untimely filing.

Plaintiffs argue that they "needed time to review the record to make absolutely certain that Judge Teilborg knew he was adopting false facts to support his ruling." (Doc. 133 at 10). They further allege that they "did not discover the basis for recusal until after thoroughly reviewing the record, this was probably about September 30." (Doc. 138 at 5).

But this argument is unsupported by the record. On September 6, 2021, Plaintiffs filed a motion for reconsideration, asking the Court to overrule its summary judgment order because its ruling "is premised upon indisputable errors of fact and law." (Doc. 123 at 2).

Plaintiffs' motion for reconsideration raises similar arguments to the one at issue here. (Doc. 123 at 18) ("This Court erred by adopting indisputable errors of facts in its decision."). Given that, it is unclear to the Court what changed from Plaintiffs' Motion for Reconsideration on September 6, 2021 to their Motion to Recuse on October 10, 2021 that justified their delay. Because Plaintiffs waited nearly two months to file their motion to recuse, the Court finds that the motion is untimely.

### B. Substantive Standard for Recusal

Even if Plaintiffs' motion was timely filed, the motion does not show "a personal bias or prejudice" that warrants recusal. A party seeking recusal must show judicial bias that is personal and stems either from an extrajudicial source or demonstrates the judge "display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible," rather than just disagreement with a judge's adverse decisions. *Liteky*, 510 U.S. at 556. A judge's rulings, alone, "almost never constitute a valid basis for a bias or partiality motion." *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013) (quoting *Liteky*, 510 U.S. at 555); *see also F.J. Hanshaw Enter., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1144–45 (9th Cir. 2001) ("Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice.").

The reason why extrajudicial sources of bias must generally serve as the predicate for any recusal motions is to allow judges to freely make decisions and prevent "parties from using the claim of partiality as a pretext for judge shopping or challenging adverse rulings of law or fact which should properly be addressed only through the appellate process." *United States v. Conforte*, 457 F. Supp. 641, 657 (D. Nev. 1978); *see United States v. Gallagher*, 576 F.2d 1028, 1039 (3d Cir. 1978) ("incorrect rulings do not prove that a judge is biased or prejudiced although errors may require a new trial").

Here, Plaintiffs allege the Court is biased against them based on the Court's ruling in the instant litigation. They do not allege the undersigned has an extrajudicial bias against them. Because Plaintiffs contend that the bias comes from false statements made in the

August 19, 2021, summary judgment order (Doc. 119), the Court will evaluate the statements to see if they constitute the exceptional circumstances to merit recusal.

1. False Statement #1

Plaintiffs allege that the Court falsely stated that Mark Stuart owed $30,115 in attorney's fees. Plaintiffs argue that the outstanding amount is not attorney's fees collected but rather sanctions. (Doc. 133 at 3). Plaintiffs state that this Court's characterization of the amount due "was simply a fabrication." (*Id.*)

It is unclear how this statement creates bias against Plaintiffs. If anything, labeling Plaintiffs' sanctions as attorney's fees provides a more charitable view of the facts. Moreover, Plaintiffs' argument that the statement was a "fabrication" is undercut by a passage in the same order, in which this Court described the outstanding judgment as a result of sanctions: "The judgment at question arises from a sanction issued against Plaintiff Mark Stuart." (Doc. 119 at 9). Plaintiffs themselves quoted this passage in their Motion to Recuse. (Doc. 133 at 3). The fact that the Court described the outstanding judgment as a sanction elsewhere in the order reflects that the statement was not motivated by "personal bias or prejudice" but was rather inartful drafting.

2. False Statements #2-5

Next, Plaintiffs contend that the Court made "statements about the evidence in the summary judgment record that he knew to be false." (Doc. 133 at 4). They point to four separate statements they allege amount to "a de facto appeal of a state court ruling, and reversed the state court's factual findings," (*Id.*) which would lead a "reasonable observer, with knowledge of these facts would conclude that Judge Teilborg desires to rule against plaintiffs, regardless of the facts and evidence and regardless of the law." (*Id.* at 12). Plaintiffs argue that this is enough to justify recusal.

As stated above, the Court in *Liteky* emphasized that "judicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion." 510 U.S. at 555, 556 n.3 (finding that "when intrajudicial behavior is at issue, manifestations of animosity must be much more than subtle to establish bias"); *id.* at 562 (Kennedy, J., concurring) (arguing

that the "conscientious judge will, as far as possible, make himself aware of his biases … and, by that very self-knowledge, nullify their effect"). "Almost invariably, they are proper grounds for appeal, not for recusal." *Id.* at 555.

The Supreme Court concluded that the district court judge did not err when denying petitioners' motion for recusal where the judge admonished the defendants, cut off testimony, and had an "anti-defendant tone." *Id.* at 556. The Supreme Court concluded that there was no evidence of bias because the statements all occurred during judicial proceedings and there was no display of deep-seated antagonism that would render fair judgment impossible. *Id.*

In making its decision, the *Liteky* Court discussed a case where statements made without an extrajudicial source constituted bias that warranted recusal. *Id.* at 555. In *Berger v. the United States*, 255 U.S. 22 (1921), a World War I espionage case against German American defendants, the judge said: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.* at 28 (internal quotation marks omitted).

In their reply brief, Plaintiffs discuss several cases where a case was reassigned from a judge. (Doc. 138 at 7-8). But the cases cited by Plaintiffs are factually distinct from the issue here. For example, in *United States v. Hage*, 810 F.3d 712 (9th Cir. 2016), the judge displayed clear antagonism to one party telling them: "your arbitrary determination of unwillfulness [sic: willfulness] is undoubtedly going to fail in this court." *Id.* at 722. The judge also showed favoritism to the other party: "You have a court that's very receptive and sympathetic to your claim." *Id.* And the judge encouraged that party to file a brief that was time-barred. *Id.* Likewise, in *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151 (9th Cir. 2007), the judge was recused where he granted a party's motion to dismiss without allowing the other party to respond to the motion and had expressed views during the case. *Id.* at 1165.

The facts of the case here do not rise to the level of bias shown in *Berger, Hage,* or *Rhoades*. Unlike in *Berger* and *Hage*, the Court has not made any openly critical comments

about either party. Moreover, the Court has not relied on extrajudicial sources in making determinations. Plaintiffs have not alleged conduct during the judicial proceedings that rises to the level that "would render fair judgment impossible."

Furthermore, Plaintiffs' substantive allegations simply do not stand up to scrutiny. Plaintiffs contend that this Court "deliberately mischaracterized the holdings of cases." (Doc. 133 at 14). Specifically, they argue the Court acted improperly in using *Parenteau v. Prescott Unified Sch. Dist.*, No. CV-07-8072-PCT-NVW, 2009 WL 10673616 (D. Ariz. Dec. 9, 2009), report and recommendation adopted, No. CV 07-8072-PCT-NVW, 2010 WL 11515677 (D. Ariz. Jan. 12, 2010), in its summary judgment order because Plaintiffs claim *Prescott* was overruled in *R.P. ex Rel. C.P. v. Prescott Unified School*. 631 F.3d 1117 (9th Cir. 2011). (Doc. 133 at 14). But the decision cited by the Court was not overruled by the Ninth Circuit. Rather, the Ninth Circuit overturned a different decision in the same case. *See Parenteau ex rel. CP v. Prescott Unified Sch. Dist.*, No. CV-07-8072-PCT-NVW, 2009 WL 2169154 (D. Ariz. July 17, 2009).

Even if the case cited by the Court had been overturned, the Court still acted properly in citing to it. Notably, Plaintiffs say that the Ninth Circuit "concluded that the district court abused its discretion in awarding attorneys [sic] fees against the parents and their lawyer." (Doc. 133 at 14). But the Plaintiffs do not argue that the district court was wrong in finding that community property could be reached even though the wife was not named in the suit. The Report & Recommendation of Magistrate Judge Anderson included an extensive discussion on whether the community property could be reached, *Parenteau*, 2009 WL 10673616, at *3–5, and is especially relevant for determining whether city officials violated a clearly established constitutional right when garnishing from the Plaintiffs.

Plaintiffs further contend that "Judge Teilborg deliberately mischaracterized the holdings of cases he cited, so that he could rule against the Stuarts." (Doc. 133 at 14). Specifically, they allege that the cases named both spouses and the Court pretended that "it was a judgment naming only one spouse." (*Id.*); (*Id.* 14–15) (discussing *Parenteau*, 2009

WL 10673616; *Hofmann Co. v. Meisner*, 17 Ariz. App. 263 (1972); *Greer v. T.F. Thompson & Sons, Inc.*, No. CV-10-799-PHX-SMM, 2013 WL 4512055, (D. Ariz. Aug. 26, 2013)).

But Plaintiffs ignore that those cases all addressed the question of whether the judgment could reach the community property when the complaint only named one spouse. *Parenteau*, 2009 WL 10673616, at *5 (finding that "Lassen's arguments that Defendants may not execute against the Lassen community property to collect on the attorneys' fees' and costs' sanction or that Defendants may not discover the nature and extent of Mrs. Lassen's community property because 'Mrs. Lassen was not named in or sued by Defendants' lack merit."); *Meisner*, 17 Ariz. App. at 268 ("Therefore, the liability incurred by Meisner, by virtue of Wood Surgeons' failure to pay the debt owed to Hofmann, is binding upon the community assets of the defendants."); *Greer*, 2013 WL 4512055, at *4 ("As such, when Dudley Greer initiated this action . . . he was binding that community property to this potential outcome. Thus, Dudley and Judy Greer cannot now seek to avoid the responsibility . . . merely by claiming that Thompson should have joined Judy Greer.") It makes sense that the final judgments would name both spouses because the question presented in those cases was whether the judgment was applicable to both spouses. Plaintiffs' argument that the Court mischaracterized the holdings of the cases is unsupported on further examination.

Finally, Plaintiffs allege that this Court has shown bias by relying on unpublished decisions. (Doc. 133 at 14–15) ("Also troubling is that unpublished rulings of Arizona district courts are not legal authority, yet Judge Teilborg pretends that they are, and that the law requires him to follow them."). However, Plaintiffs have not provided any support to their conclusion that "unpublished rulings of Arizona district courts are not legal authority." (*Id.* at 14). Indeed, they could not argue that because unpublished opinions from another judge in this district may have persuasive but not binding effect. *E.g. Price v. Sur. Acceptance Corp.*, CIV 97-1145 PHX BMV (JWS), 1999 U.S. Dist. LEXIS 22418 (D. Ariz. Aug. 13, 1999); *In re Swift Air*, No. CV-20-02219-PHX-JAT, 2020 U.S. Dist. LEXIS

227038 (D. Ariz. Dec. 1, 2020). Therefore, the Court did not act improperly in using unpublished cases to find that the law was not clearly established.

### III. CONCLUSION

Plaintiffs have not established any bias or prejudice such that recusal is warranted. Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for recusal under 28 U.S.C. §§ 144 and 455 (Doc. 133) is **denied**.

Dated this 8th day of November, 2021.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge