**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart and Virginia G Stuart, | No. CV-20-00755-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Reconsideration (Doc. 123) of this Court's Order, (Doc. 119), granting partial summary judgment to Defendants. The Court now rules.

**I.      BACKGROUND**

Defendant City of Scottsdale holds a judgment against Plaintiff Mark Stuart in the amount of $30,115 as a result of a previous lawsuit which Mark Stuart initiated. (Doc. 93 at 4). Stuart, however, did not pay. When Defendants sought to garnish funds from Stuart's marital community assets, he informed Defendants that they could not do so because the marital community had not been a party to the underlying litigation. (Doc. 1 at 29–30).

Nonetheless, Defendants obtained writs of garnishment against the marital community assets and placed a freeze on the Stuarts' Bank of America checking account. (*Id.* at 5–6). As a result, Mark Stuart claims he had to declare bankruptcy, and that Plaintiffs have suffered physical and psychological injuries. (*Id.* at 6).

In their Second Amended Complaint, Plaintiffs allege that Defendants violated several state laws and the U.S. Constitution in attempting to collect this judgment. (Doc. 93 at 4). On April 16, 2021, Defendants filed a Motion for Partial Summary Judgment, arguing that the employees of the City of Scottsdale were entitled to qualified immunity from any federal law claims. (Doc. 97). On August 19, 2021, this Court issued a ruling finding that the individual Defendants were entitled qualified immunity. (Doc. 119).

On September 6, 2021, Plaintiffs filed a Motion for Reconsideration asking the Court to vacate its ruling. (Doc. 123). Specifically, Plaintiffs argue that the Court is bound by the decision of the Maricopa County Superior Court. (*Id.* at 3). Because Plaintiff's Motion for Reconsideration was not timely filed, their motion is DENIED. However, the Court will address the merits of their Motion and explain why the Court was correct to grant qualified immunity for City of Scottsdale employees.

## II.   TIMELINESS

Plaintiffs filed their motion for reconsideration eighteen days after the Court issued its August 19, 2021 order. District of Arizona Local Rule of Civil Procedure 7.2(g) sets the time to file a motion for reconsideration at fourteen days. LRCiv. 7.2(g)(2). Therefore, Plaintiffs must show good cause for their late filing to have their motion considered by the Court.

The good cause standard primarily considers the diligence of the party filing the untimely motion. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiffs argued that their motion is not a Motion for Reconsideration under LRCiv. 7.2(g)(2), but rather is a Rule 59(e) Motion to Alter or Amend and is entitled to a 28-day window to file. (Doc. 127). As the Court said in its September 13, 2021 Order, since the Order did not resolve all claims between all parties, no judgment could be filed. Because no judgment was filed, Rule 59 could not apply and LRCiv. 7.2(g)(2) applied. (Doc. 128). Plaintiffs have not shown good cause for their late filing. Accordingly, the Plaintiffs' motion for reconsideration is DENIED.

## III.   QUALIFIED IMMUNITY

- 2 -

Even if Plaintiffs timely filed their Motion for Reconsideration, the Court would still deny it. Plaintiffs argue that the Court erred in granting qualified immunity because the Court was bound by the decision of the Maricopa County Superior Court, which concluded the judgment could not be enforced against the community property. (Doc. 123 at 4). But in granting qualified immunity, the Court was not contradicting the findings of the superior court. Nor was the Court concluding that Defendants were correct as a matter of law in their actions. Rather, the Court found that the law was not "clearly established" for purposes of qualified immunity.

### A. Legal Standard

Under 42 U.S.C. § 1983, state officials are entitled to qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Officials are not entitled to qualified immunity if "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

For a right to be clearly established, there does not have to be a case directly on point; however, "a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle*, 566 U.S. at 664 (internal quotations and alterations omitted). In rare cases, a violation may be so obvious that every reasonable official would be on notice that the conduct in question was unlawful. *Sharp v. County of Orange*, 871 F.3d 901, 911 n.7 (9th Cir. 2017) (collecting cases). Normally, however, an official is on notice only when existing precedent has "placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *see also Sharp*, 871 F.3d at 911 (explaining that the relevant precedent must be either controlling in the relevant jurisdiction or embraced by a consensus of cases outside the jurisdiction). Thus, to survive a motion to dismiss based on qualified immunity, a plaintiff "must point to prior case law that articulates a

constitutional rule specific enough to alert these [officials] in this case that their particular conduct was unlawful." *Hernandez v. City of San Jose*, 897 F.3d 1125, 1137 (9th Cir. 2018) (emphasis omitted). A dispositive inquiry in the qualified immunity analysis "is whether it would be clear to a reasonable officer that the conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

### B. Analysis

Plaintiffs argue that the Court should vacate its ruling because of manifest errors of law and fact. (Doc. 123 at 1). Specifically, Plaintiffs contend that Defendants were aware that they were violating the law and thus ineligible for qualified immunity. (*Id.* at 2). Additionally, Plaintiffs argue that the Court is bound by the decision by the Maricopa County Superior Court which found that the Stuart marital property was not a party to this litigation. (*Id.* at 4). Plaintiffs claim that the Court's grant of qualified immunity impermissibly overruled the decision of the state court. (*Id.* at 2).

Plaintiffs err in concluding that the Court is bound by the conclusions of the state court for purposes of qualified immunity. In granting qualified immunity for some Defendants, the Court was not concluding that Defendants acted properly in garnishing Plaintiffs' community property. Rather, the Court found that the law was not "clearly established" at the time City officials placed a freeze on the Stuarts' bank account. Because the law was not clearly established, individual defendants were entitled to qualified immunity.

While the superior court concluded that the actions of the City of Scottsdale and its lawyers were improper, this decision is not controlling precedent in Arizona. (Doc. 119 at 10). Though the superior court's decision helps address the merits of whether the actions of the City and officials were proper, it is less probative in showing that officials were on notice that they were violating "clearly established statutory or constitutional rights." *Harlow*, 457 U.S. at 818. This is especially true given that the superior court's determination was issued after Defendants served its writs of garnishment on Plaintiffs' bank. (Doc. 97 at 3–4).

Likewise, other courts have found that a judgment against an individual defendant cannot be collected through their community property. *E.g. Coryellbattle v. City of Maricopa*, No. 19-01386-DLR-JZB, Doc. 48 (D. Ariz. July 22, 2020); *Maricopa Cnty. Cmty. Coll. Dist.*, 184 F.R.D. 309, 310–11 (D. Ariz. 1998). But at this stage, the Court is not determining whether the Defendants' actions were improper. The Court is only determining whether "the unlawfulness of their conduct was 'clearly established at the time.'" *Wesby*, 138 S. Ct. at 589. These cases do not clearly establish that.

Indeed, Defendants cite several cases that under Arizona law, a debt or obligation incurred by one spouse while acting for the benefit of the marital community serves as a community debt or obligation. *See Greer v. T.F. Thompson & Sons, Inc.*, No. CV-10-799-PHX-SMM, 2013 WL 4512055, at *11–12 (D. Ariz. Aug. 26, 2013); *Ellsworth v. Ellsworth*, 423 P.2d 364, 367 (Ariz. Ct. App. 1967) ("If the husband acts with the object of benefiting [sic] the community. . . the obligations so incurred by him are community in nature, whether or not the wife approved thereof."). Given the ambiguity in the law, it can hardly be said that the right was clearly established "of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. Because of this, the Court did not err in finding that Defendants were entitled to qualified immunity in their individual capacities.

### IV.   CONCLUSION

Plaintiffs did not show good cause for the late filing of their motion for reconsideration. Plaintiffs have also failed to show that the Court committed manifest errors in its August 19, 2021 Order.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 123) is **DENIED**.

Dated this 10th day of November, 2021.

*James A. Teilborg*
Senior United States District Judge