**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E Stuart, et al., | No. CV-20-00755-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Scottsdale, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' "Rule 60 Motion for Relief from this Court's Judgement Dated March 9, 2022 (doc. 151)." (Doc. 158). The motion is fully briefed, (Docs. 158, 159, 160), and the Court now rules.

**I.  PROCEDURAL HISTORY**

On March 9, 2022, the Court granted Defendants' Motion for Summary Judgment and dismissed the case. (Doc. 151). Plaintiffs appealed this Court's Order to the Ninth Circuit. (Doc. 153). Plaintiffs have now filed a Rule 60 motion, arguing that newly discovered evidence warrants the Court vacating its decision. (Doc. 158 at 1).

**II.  DISCUSSION**

In the Ninth Circuit, the "filing of the notice of appeal divests the district court of jurisdiction." *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986). When a Rule 60(b) motion is filed in district court after a notice of appeal has been filed, the district court lacks jurisdiction to entertain the motion. *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004); *Carriger v. Lewis*, 971 F.2d 329, 332 (9th Cir. 1992). "To seek

1  Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the
2  district court whether it wishes to entertain the motion, or to grant it, and then move [the
3  Ninth Circuit], if appropriate, for remand of the case." *Williams*, 384 F.3d at 586. Where
4  an appellant does not follow this procedure, a district court's order on the Rule 60(b)
5  motion is void for lack of jurisdiction. *See Katzir's Floor & Home Design, Inc. v. M-*
6  *MLS.COM*, 394 F.3d 1143, 1148 (9th Cir. 2004) (vacating district court's order denying a
7  post-notice of appeal Rule 60(b) motion where proper procedure not followed).

8        Plaintiffs appear to understand that the Court is without jurisdiction because they
9  say that should this Court "grant this motion," they "will bring a FRCP 62.1 motion and a
10 motion for remand of the appeal to allow this Court to vacate its rulings and allow
11 another judge to decide the summary judgment motions." (Doc. 158 at 15–16). In their
12 Reply, Plaintiffs further clarify that "this Court can't grant plaintiffs [sic] Rule 60 motion,
13 because of the pending appeal." (Doc. 160 at 1). As such, the most the Court can do is to
14 indicate whether it would entertain or grant Plaintiffs' Rule 60(a) and 60(b) motion if the
15 matter were to come before the Court on a limited remand from the Ninth Circuit.

16 **A. Rule 60(a) Motion**

17       Plaintiffs first argue that the Court should correct its factual error under Rule
18 60(a). (Doc. 158 at 3). Plaintiffs assert that the Court's Order granting summary judgment
19 states that "Defendants are seeking to satisfy a judgment of attorney fees," (Doc. 151 at
20 7), when Defendants are actually seeking to satisfy a judgment stemming from Rule 68
21 sanctions. (Doc. 158 at 3). Plaintiffs argue that, through this misstatement, the Court is
22 "trying to denigrate the plaintiffs in the eyes of the appeals courts." (Doc. 158 at 3).

23       Under Rule 60(a), a "court may correct a clerical mistake or a mistake arising
24 from oversight or omission whenever one is found in a judgment, order, or other part of
25 the record." After an appeal has been docketed, however, "such a mistake may be
26 corrected only with the appellate court's leave." FED. R. CIV. P. 60(a).

27       Both parties agree that this Court erred, (Doc. 159 at 3), and this Court agrees that
28 it mistakenly labeled Plaintiffs' Rule 68 sanctions as attorney fees. The Court, however,

was not "trying to denigrate the plaintiffs in the eyes of the appeals courts." (Doc. 158 at 3). As this Court said in addressing the issue in Plaintiffs' Motion to Recuse, "[i]t is unclear how this statement creates bias against Plaintiffs," (Doc. 140 at 5), and that the misstatement was an accident. (Doc. 140 at 5).

If the Ninth Circuit remands the matter for the limited purpose of remedying this oversight, the Court will correct the error in accordance with Plaintiffs' request. Alternatively, the Ninth Circuit may treat this Court's error as if it was corrected without requiring the formality of a correction by this Court to conserve judicial resources. *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1237 (9th Cir. 1979); 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2856 (3d ed.).

### B. Rule 60(b) Motion

Plaintiffs also argue that new evidence supports relief from the judgment under Rule 60(b). (Doc. 158 at 2–3). Rule 60(b)(2) allows relief from judgment when there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2).

Plaintiffs argue that their "newly discovered evidence" comes from Commissioner Albrecht's evidentiary hearing which occurred on May 20, 2022, two months after summary judgment. (Doc. 158 at 4). Defendants sought reconsideration in Maricopa County Superior Court of an earlier ruling by Commissioner Garbarino that determined the community was "not liable for the debt at this time." (Doc. 139-1 at 3). Following an evidentiary hearing, Commissioner Albrecht agreed with Commissioner Garbarino's decision. The pertinent part of Commissioner Albrecht's ruling reads:

> However, the Court cannot find in this matter that the ligation brought by Mark Stuart could have brought any benefit to the community. The evidence presented supports the conclusion that there was not conduct attributable to the community.

(Doc 158-1 at 2–3). Plaintiffs argue that Commissioner Albrecht's ruling proves that this Court's summary judgment ruling was erroneous as it "indicates that Scottsdale had no factual basis to believe that Mark Stuart was acting on behalf of the Stuart marital community or for the benefit of the Stuart marital community." (Doc. 158 at 5).

- 3 -

Plaintiffs' argument fails for several reasons. To begin, it is not apparent that the new evidence cited by Plaintiffs is in fact "newly discovered evidence" contemplated by Rule 60(b)(2). Notably, new case law does not constitute "newly discovered evidence" for purposes of Rule 60(b)(2). *Sons of Hell Motorcycle Club v. Ariz. Dep't of Pub. Safety*, No. CV-13-08192-PCT-PGR, 2014 U.S. Dist. LEXIS 118113, at *19 (D. Ariz. Aug. 25, 2014). And Plaintiffs have not presented any evidence that further developments in a separate case is considered "newly discovered evidence."

Additionally, even if Plaintiffs' new evidence constitutes "newly discovered evidence" under Rule 60(b)(2), the evidence does not warrant reconsideration by this Court. Commissioner Albrecht's ruling has no bearing on whether Scottsdale's actions in initiating garnishment proceedings were improper because his ruling does not address whether Scottsdale had any "factual basis to believe that Mark Stuart was acting on behalf of the Stuart marital community." (Doc. 158 at 5). Nor does Commissioner Albrecht's ruling address whether Defendants abused or misused the garnishment statute, or whether the property subject to garnishment was community property. Rather, Commissioner Albrecht's ruling only addresses the issue of whether Mr. Stuart bound the marital community when he sued Scottsdale. (Doc 158-1 at 2–3).

Plaintiffs argue that Commissioner Albrecht's ruling proves "wrongful garnishment under Arizona law." (Doc. 158 at 6). This argument is unavailing. Although Plaintiffs rely on *De Wulf v. Bissell*, 83 Ariz. 68 (1957) to argue that a wrongful garnishment occurred, *De Wulf* is distinguishable from the facts here. In *De Wulf*, the Arizona Supreme Court found that the garnishment was wrongful. *Id.* at 72. Yet no such finding has occurred here. In fact, in Commissioner Garbarino's earlier ruling, he found that Plaintiffs' arguments that the "Writs of Garnishment were procured by fraud and/or are groundless" had "no merit." (Doc. 139-1 at 4). Commissioner Garbarino found this despite concluding that the community was not liable for the debt or obligation. (Doc. 132-1 at 3). Thus, Commissioner Albrecht's ruling—which affirmed Commissioner Garbarino's finding—did not touch on the issue of wrongful garnishment.

The Court also finds that Plaintiffs do not advance any persuasive argument suggesting that Commissioner Albrecht's ruling warrants relief on their other claims. Repeatedly, Plaintiffs claim that Commissioner Albrecht's ruling "shows that there was no legitimate factual basis to believe that defendants had a lawful right to seize plaintiffs [sic] property." (Doc. 158 at 11). And Plaintiffs claim that "defendants knew that plaintiffs were not liable to pay for their judgment against Mark Stuart." (Doc. 158 at 9).

But Scottsdale did not characterize the nature of the funds being garnished: "Assuming that there is community property involved . . . [t]he court should afford her [Virginia Stuart] an opportunity to present whatever clear and convincing evidence she may have to overcome the presumption that Mark Stuart was acting on behalf of the community when he sued the City." (Doc. 122-1 at 8). This is in part because Mr. Stuart "improperly obstructed post-judgment discovery . . . as to the divisions between his community and separate property." (Doc. 139-1 at 4). As such, Plaintiffs' assertions about Commissioner Albrecht's ruling are not supported by the record.

Plaintiffs have failed to show that the evidence they claim is newly discovered would warrant relief from judgment. Accordingly, the Court will not entertain—and is not likely to grant—Plaintiff's Rule 60(b)(2) Motion for Relief.

**III.  CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Rule 60 Motion (Doc. 158) is **DENIED**.

Dated this 22nd day of July, 2022.

James A. Teilborg
Senior United States District Judge